```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
DOUGLAS J. LUCKERMAN,              )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )     C.A. No. 13-185-S
                                   )
NARRAGANSETT INDIAN TRIBE,         )
                                   )
        Defendant.                 )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, Chief Judge.

This is the third time this Court has been called upon to weigh in on the subject of tribal sovereign immunity in this case. In the first go-round, the Court denied a Motion to Dismiss filed by the Defendant Narragansett Indian Tribe ("Tribe"), reasoning that the Tribe had waived its sovereign immunity when it entered into two separate letter agreements for legal services with the Plaintiff, Attorney Douglas J. Luckerman ("Luckerman"). In the sequel, the Court denied the Tribe's Motion for Reconsideration, setting forth specific requirements for the waiver of sovereign immunity.

Ten days after denial of the Motion for Reconsideration, on January 17, 2014, the Tribe filed both a Notice of Appeal (ECF No. 24) and a Supplemental Exhibit in Support of Motion for Reconsideration ("Supplemental Exhibit") (ECF No. 23).

The Supplemental Exhibit purports to be a tribal resolution from 2005 setting forth the specific process by which the Tribe may waive sovereign immunity. Shortly after the filing of the Supplemental Exhibit, Luckerman filed a Motion to Correct or Modify the Record (ECF No. 28), asking that the Court strike the Supplemental Exhibit because it was not presented to this Court and should not be included in the materials considered by the court of appeals. For the reasons that follow, Plaintiff's Motion to Correct or Modify the Record is GRANTED.

The filing of a notice of appeal typically serves to deprive the district court of jurisdiction. Hodgson v. Mahoney, 460 F.2d 326, 328 (1st Cir. 1972). However, "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Fed. R. App. P. 10(e)(1); see also United States v. Rivera-Rosario, 300 F.3d 1, 9 (1st Cir. 2002) (finding impermissible attempts by the government to supplement the appellate record with translations that were not before the district court); Belber v. Lipson, 905 F.2d 549, 551 n.1 (1st Cir. 1990) ("A 10(e) motion is designed to only supplement the record on appeal so that it accurately reflects what occurred before the district court. It is not

2

a procedure for putting additional information, no matter how relevant, before the court of appeals that was not before the district court."). Here, because the Supplemental Exhibit was not before this Court when it considered either the original Motion to Dismiss or the Motion for Reconsideration, it is properly stricken from the record.

Even had the Supplemental Exhibit been properly included in the record initially, it would have done nothing to change the Court's finding that the Tribe waived its sovereign immunity. The Supplemental Exhibit indicates that the waiver of sovereign immunity may be accomplished by a writing that is: "(A) Explicit and precise and contains the phrase 'waiver of Tribal sovereign immunity;' and, (B) Such express language is contained on the face of the document to which the Tribe is a party; and, (C) Such express language is limited to a court or courts specified in the consent language (sic) is limited to explicit subject matter." See ECF No. 23.

In the second of the two letter agreements executed by the parties, dated February 3, 2007, the Tribe agreed to "a limited waiver of Tribal sovereign immunity in Tribal, federal and state courts, solely for claims arising under

3

this Agreement."[1]  See Ex. to Stipulation 11, ECF No. 4-1. This letter agreement conformed completely with the requirements of the Supplemental Exhibit, and would have been independently sufficient to waive tribal sovereign immunity.

For the foregoing reasons, Luckerman's Motion to Correct or Modify the Record (ECF No. 28) is GRANTED and the Tribe's Supplemental Exhibit (ECF No. 23) is stricken.

IT IS SO ORDERED.

*[signature: WESmith]*

William E. Smith
Chief Judge
Date:  February 11, 2014

---

[1] This Court previously determined that it was of no significance that this letter was executed by the Narrangansett Indian Tribal Historical Preservation Office, rather than the Tribe.  See Opinion and Order, ECF No. 16.

4